# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

CHAUNCEY YARBROUGH,

        Petitioner,    :    Case No. 1:13-cv-443

- vs -    District Judge Michael R. Barrett
    Magistrate Judge Michael R. Merz

ERNIE MOORE, Warden,
 Lebanon Correctional Institution,

                                                          :

        Respondent.

## REPORT AND RECOMMENDATIONS ON MOTION FOR RELIEF FROM JUDGMENT

This habeas corpus case is before the Court on Petitioner's Motion for Relief from Judgment (ECF No. 18). As a post-judgment motion, it is deemed referred for report and recommendations under 28 U.S.C. § 636(b)(3).

The Magistrate Judge filed a Report and Recommendations in this case on July 21, 2014 (ECF No. 11). Yarbrough requested and received a two-month extension of time to file objections; the extension expired October 6, 2014. On October 10, 2014, Judge Barrett adopted the Report and entered final judgment dismissing the Petition with prejudice. Yarborugh took no appeal.

Now, a year later, Yarbrough asserts the adoption fails to take account of the mailbox rule which deems a prison inmates legal papers filed the date he deposited them in the institutional mail system. *Houston v. Lack,* 487 U.S. 266 (1988); *Cook v. Stegall*, 295 F.3d 517,

1

521 (6th Cir. 2002). Under that rule, Yarbrough's Objections would have been timely if thus deposited on or before October 6, 2014.

Yarbrough complains the Court waited only one day after the Objections were due to adopt the Report (Motion, ECF No. 18, PageID 1496). That is inaccurate; the adoption entry was filed four days after the Objections were due, on October 10, 2014. The Objections were actually filed in two parts. The first part was received and filed by the Clerk on October 24, 2014 (ECF No. 16) and the second part was received and filed on October 27, 2014 (ECF No. 17). Only the second part contains a certificate of service which says a copy was mailed to the Attorney General on October 5, 2014. Nothing in either portion makes any averment about when the original was deposited in the United States mails.

It is well established that Fed. R. Civ. P. 60(b) is not to be used as a substitute for appeal. If Yarbrough believed the Court was in error in dismissing the Petition because of Houston v. Lack, supra, he could have raised that issue on appeal to the Sixth Circuit. Instead he has waited a year to raise the claim with no proof of timely mailing.

The Motion should be denied.

October 8, 2015.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).