UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Chauncey Yarbrough,

    Petitioner,

    v.

Warden, Lebanon Correctional Institution,

    Respondent.

Case No.: 1:13-cv-443

Judge Michael R. Barrett

## OPINION & ORDER

This matter is before the Court on the Magistrate Judge's October 8, 2015 Report and Recommendation ("R&R") recommending that Petitioner's Motion for Relief From Judgment be denied. (Doc. 19).

The parties were given proper notice under Rule 72(b) of the Federal Rules of Civil Procedure, including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters*, 638 F.2d 947, 949-950 (6th Cir. 1981). Petitioner filed Objections to the R&R. (Doc. 20).

For the reasons stated below, the Court OVERRULES Plaintiff's Objections, and the Magistrate Judge's October 8, 2105 R&R is ADOPTED in its entirety.

### I. BACKGROUND

The factual and procedural history of this case is described in the Magistrate's July 21, 2014 R&R (Doc. 11) and the Magistrate Judge's October 7, 2015 R&R (Doc. 18), and the same will not be repeated except to the extent necessary to address Plaintiff's objections.

This matter arises out of Petitioner's *pro se* habeas action brought pursuant to 28

U.S.C. § 2254 to obtain relief from his convictions in the Hamilton County Common Pleas Court on two counts of murder, two counts of carrying a concealed weapon, and one count of having a weapon under disability.

On July 21, 2014, the Magistrate Judge entered his R&R which recommended denying Petitioner's petition. (Doc. 11). Petitioner sought a two-month extension of time to file objections, which was granted. Petitioner's objections were due on October 6, 2014. No objections were filed on that date and this Court adopted the R&R on October 10, 2014. Petitioner then filed objections in two parts. The first was filed on October 24, 2014, and the second was filed on October 27, 2014. (Docs. 16, 17).

On October 7, 2015—almost one year after this Court dismissed Petitioner's petition—Petitioner filed his Motion for the Relief from Judgment. (Doc. 18). In his Motion, Petitioner argues that his objections were timely filed pursuant to the prison mailbox rule. Petitioner explains that according to the certificate of service, his objections were placed in the prison mailbox one day prior to the due date for the objections. Petitioner explains that he wrote to the clerk several times to ask what happened, but did not receive a response to those inquiries. Petitioner states that he believed his objections were being considered. Petitioner asks for the Court to consider his objections.

In his October 8, 2015 R&R, the Magistrate Judge recommends denying Petitioner's Motion for Relief from Judgment. The Magistrate Judge explains that Federal Rule of Civil Procedure 60(b) is not to be used as a substitute for appeal, and if Petitioner believed the dismissal of his petition was in error, he should have appealed that issue to the Sixth Circuit instead of waiting a year to file his motion.

2

In his objections, Petitioner repeats that his certificate of service shows his objections to the July 21, 2014 R&R were placed in the prison mailbox in a timely manner, and despite arriving late to the clerk, this Court should consider those objections.

## II. ANALYSIS

### A. Standard of Review

This Court shall consider objections to a magistrate judge's order on a nondispositive matter and "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a). When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

### B. Relief from Judgment

Federal Rule of Civil Procedure 60(b) provides that a court "may relieve a party or its legal representative from a final judgment, order, or proceeding" for any of the following reasons:

(1)  mistake, inadvertence, surprise, or excusable neglect;

(2)  newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3)  fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

3

>    (4)    the judgment is void;
>
>    (5)    the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>    (6)    any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Petitioner does not specifically identify any of these reasons. Presumably, Petitioner is proceeding under Rule 60(b)(1) because he states that the judgment is "predicated on a mistaken premise and is not in keeping with the mailbox rule set forth by the U.S. Supreme Court."  (Doc. 18, PAGEID # 1495).  *See United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002) (explaining that Rule 60(b)(1) is "intended to provide relief in only two situations: (1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order.").

A motion under Rule 60(b) must "be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken."  Fed. R. Civ. P. 60(c).  However, the Sixth Circuit has held that a "60(b)(1) motion based on legal error must be brought within the normal time for taking an appeal."  *Pierce v. United Mine Workers of Am. Welfare & Ret. Fund*, 770 F.2d 449, 451 (6th Cir. 1985).  Under Federal Rule of Appellate Procedure 4(1)(A), Petitioner's notice of appeal was due thirty days after entry of the judgment.  Therefore, to the extent that Petitioner's 60(b)(1) motion is based on legal error, his motion is untimely.

To the extent that Petitioner's 60(b)(1) motion is based on a factual error, there appears to be little in the record to support this position.  Petitioner's certificate of service only states that a copy was mailed to the Attorney General on October 5, 2014.

4

Petitioner provides no explanation as to why his objections arrived approximately twenty days after they were due. Moreover, Petitioner states that he wrote to the clerk to ask about the status of his objections, but the Court notes that there is no record of any correspondence from Petitioner to the Clerk's Office.

Therefore, the Court finds there is no error in the Magistrate Judge's conclusion that Petitioner's Motion for Relief from Judgment should be denied. However, in the alternative, if the Court were to consider Petitioner's objections, those objections would be overruled.

C. **Plaintiff's Objections to the July 21, 2014 R&R**

Petitioner was indicted for the murders of Marcus Mitchell and Daunte Phillips. Petitioner waived his right to a jury trial and was convicted in the Hamilton County Common Pleas Court on two counts of murder, two counts of carrying a concealed weapon, and one count of having a weapon under disability. There was evidence presented at trial that Petitioner was involved in a confrontation with Mitchell outside a night club which ended with Petitioner shooting Mitchell and Phillips being struck by a stray bullet.

Petitioner's first objection is that there was no proof that Petitioner purposely caused the death of Phillips. However, as the First District Court of Appeals explained in deciding Petitioner's direct appeal, Petitioner's purposeful intent to kill Mitchell was transferred to Phillips. Petitioner argues that doctrine of transferred intent is not applicable here because another man shot Phillips. Petitioner argues that the only connection between the murders of Mitchell and Phillips is that they happened at around the same time in the same place.

5

Petitioner also argues that it would have been physically impossible for a stray bullet to have struck Phillips based on the position of Petitioner and Phillips. Petitioner also claims the bullet found in Phillips did not match the bullets found in Mitchell.

This claim is in direct conflict with the testimony of the firearms expert presented at trial. The First District Court of Appeals explained:

> Firearms examiner Robert Lenhoff examined bullets recovered during the autopsy of Marcus Mitchell as well as bullet items that had been recovered near the body of Daunte Phillips. Lenhoff testified that after comparing the characteristics of all bullets and bullet items, he had determined that they all were fired from the same weapon.

*State v. Yarbrough*, 2012-Ohio-2153, ¶ 18, 2012 WL 1717811, *4 (Ohio Ct. App. May 16, 2012). Therefore, the Magistrate Judge did not err in concluding that Petitioner's hypothesis that there was another shooter is not supported by trial testimony.

Petitioner's second objection is to the Magistrate Judge's conclusion that Petitioner did not adequately prove self-defense. The Magistrate Judge explained that the evidence at trial showed that Petitioner could have fled or taken advantage of the police protection present at the night club. Petitioner maintains that he was not able leave the night club because it had just closed and hundreds of other vehicles were trying to leave at the same time. Petitioner also maintains that he was not able to seek assistance from the police officers who were present because they were busy breaking up a fight inside the club. The Court finds that the Magistrate Judge did not err in finding that "[w]hile there is some evidence on some of the elements of self-defense, it is not so overwhelming that it had to be believed." (Doc. 11, PAGEID # 1458).

Petitioner's third objection is to the Magistrate Judge's conclusion that the lengthy delay in the trial court's rendering a verdict did not have an impact on the

6

sufficiency of the evidence. Petitioner points out that during this period of time the trial judge asked for additional briefing on the issue of lesser included charges. Petitioner also points out that during this period of time the trial judge was being criticized in the press for overturning a guilty verdict in another murder case. Petitioner explains that the trial judge could have been concerned about appearing soft on crime if she did not find Petitioner guilty.

As the Magistrate Judge explained, in a sufficiency of the evidence habeas corpus case, deference should be given to the trier-of-fact's verdict under *Jackson v. Virginia*, 443 U.S. 307 (1979) and then to the appellate court's consideration of that verdict, as commanded by the Antiterrorism and Effective Death Penalty Act of 1996. (Doc. 11, PAGEID #1441) (citing *Tucker v. Palmer*, 541 F.3d 652 (6th Cir. 2008)). The Magistrate Judge did not err in concluding that Petitioner failed to meet this high bar. As the Magistrate Judge explained, there was evidence on each element of each of the offenses which, if believed by the trial court judge, was sufficient for conviction; and the First District's opinion is not based on an unreasonable reading of the evidence.

Petitioner's fourth objection is to the Magistrate Judge's conclusion that Petitioner's claim of ineffective assistance of trial counsel should be dismissed. Petitioner explains that counsel presented no defense as to Phillips. Petitioner presented this claim in his direct appeal. The court of appeals explained:

> In this case, arguing self-defense was a sound trial strategy based on the evidence presented. Had Yarbrough been acquitted of Mitchell's murder based on self-defense, he would have likewise been acquitted of Phillips' murder.

*State v. Yarbrough*, 2012-Ohio-2153, ¶ 21, 2012 WL 1717811, *4 (Ohio Ct. App. May 16, 2012). The Magistrate Judge concluded that Petitioner had failed to demonstrate

7

that this decision is contrary to or an objectively unreasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984).  The Court finds no error in this conclusion.

Petitioner's fifth objection is to the Magistrate Judge's conclusion that Petitioner's claim of prosecutorial misconduct based on a *Brady* violation should be dismissed.  As the Magistrate Judge explained:

> When a case has been tried to the bench and then *Brady* material is presented to the same factfinder in a motion for new trial and she says it would not have affected her decision – which is what happened in this case – it is near impossible for a defendant to show the outcome would have been different.

(Doc. 11, PAGEID #1465-66).  The Court finds no error in the Magistrate Judge's conclusion.

Petitioner's sixth objection is to the Magistrate Judge's conclusion that Petitioner's claim that his waiver of trial by jury was involuntary should be dismissed.  Petitioner claims that his waiver was unknowing because he did not know about the deals struck with the prosecution's key witnesses.  However, as the Magistrate Judge explained, the court of appeals found that making the voluntariness of a jury waiver turn on whether "surprising or previously unknown" testimony is not revealed is completely unworkable.  The Magistrate Judge illustrated this point by explaining: "If that were the test, a defendant could get a 'trial run' in a bench trial and then start over if some evidence he did not know about turned up at trial."  (Doc. 11, PAGEID # 1468).  The Magistrate Judge explained further that Petitioner has not cited to any clearly established decision of the United States Supreme Court which requires this result.  The Court finds no error in the Magistrate Judge's conclusion that this claim should be dismissed.

Petitioner's final objection is with regards to the denial of his motion for a new trial. However, as the Magistrate Judge explained "[a]ssuming there might be a case where failure to grant a new trial made a conviction fundamentally unfair, this is not such a case." (Doc. 11, PAGEID #1471). The Court finds no error in the Magistrate Judge's conclusion that this claim should be dismissed on this basis.

### III. CONCLUSION

Based on the foregoing, the Magistrate Judge's October 8, 2015 R&R recommending that Petitioner's Motion for Relief From Judgment be denied (Doc. 19) is **ADOPTED**. Accordingly, it is hereby ORDERED that:

1. Petitioner's Motion for the Relief from Judgment (Doc. 18) is **DENIED**; and
2. This matter shall remain **CLOSED** and **TERMINATED** from the active docket of this Court.

**IT IS SO ORDERED.**

                                                  */s/ Michael R. Barrett*
                                              JUDGE MICHAEL R. BARRETT